West'n District<br>*Sept.* 1823.<br><br>JOHNSTON EXR.<br>*vs.*<br>WALL & AL.

—◦◦◦—

*DESHAUTEL* vs. *PARKINS, USE OF CAMPBELL, RICH & CO.*

APPEAL from the court of the sixth district.

PORTER, J. delivered the opinion of the court. The petitioner avers that she has a legal title to a life estate in two slaves, the one named Joe, and the other Milly, by virtue of a conveyance from Frederick Kimball, of date the 10th of December, 1819. That ever since the date of the conveyance, she had the peaceable and uninterrupted possession of these slaves, until Isaac Parkins and Samuel Parkins, acting for a certain Campbell, Ritchie & Co. seized them under a pretence that they had been the property of a certain Middleton W. Kimball, and by him mortgaged to Isaac and Samuel Parkins.

She prays an injunction against further pro-

A special mortgage attaches on property which the mortgagee acquires after mortgage, if it be particularly enumerated in the act.

West'n District
*Sept.* 1823.

DESHAUTEL
*vs.*
PARKINS & AL.

ceedings on their part; that her title be quieted; and that the defendant pay costs.

The defendants, besides the general denial, plead fraud, and aver the property seized had been mortgaged by Middleton W. Kimball, prior to his selling it, to Frederick Kimball, under whom the plaintiff claims.

The district court perpetuated the injunction as to one of the slaves, and dissolved it as to the other. The plaintiff appealed, and the defendants have assigned for error, that the injunction should have been dissolved as to both.

The title of the plaintiff is shewn by an act of partition, of date the 15th September, 1818, executed between Middleton W. Kimball, and the tutor of her grandson, Napoleon Kimball, by which act two negroes, one called Joe, and the other Milly, were set apart as the property of the minor; by proof that this child died in July or August, 1819; and that his father, Middleton Kimball, who was his heir, by public act, conveyed these slaves to Frederick Kimball, who on the 10th December, 1819, transferred to the plaintiff in this suit, the usufruct in them for life, as claimed by her in the petition.

West'n District
Sept. 1823.

DESHAUTEL
vs.
PARKINS & AL.

The defendants, on their part, exhibit a public act, by which it appears that Middleton Kimball, on the 23d January, 1819, mortgaged to Isaac Parkins, jun. & Co. a variety of property therein specified, among which are enumerated two slaves, viz: Milly & Joë.

And that on the 5th of April, of the same year, the parties to this act, executed another which is produced in evidence, and in which it is declared that an error had been committed in mortgaging one of the slaves just mentioned, and another called Tony, the mortgagor not having any legal title to them; and that in consequence of the want of title he hypothecated a tract of land, situated in the parish of Avoyelles, and another negro woman.

Parol evidence was introduced on the part of the plaintiff, by which it was established that at the time of the mortgage, executed in favor of Parkins, the negroes claimed were in the possession of the plaintiff; that the mortgagor had an African man named Joe; that the boy of this name, now claimed, is the son of a slave called Rachel, who with two other of her children were included in the mortgage given to Parkins; and that Milly, mentioned in the petition, is the same who was hypothecated by Kimball to the defendants.

On this evidence, there cannot be a question as to the correctness of the district court, so far as it respects the slave Joe. He was not the property of the mortgagor, at the time of executing the act, nor was he in his possession; and the other slave, by the same name, was both owned and possessed by him at that time. We cannot, therefore, hesitate as to which the mortgage intended to apply.

As it regards Milly, it is proved that she is the same who was mortgaged to Parkins, and on the part of the defendants, it is contended that as the mortgagor by the death of his child, inherited the slave before he transferred her to Frederick Kimball, this mortgage although taken at a time when Middleton Kimball had no title to her, attached to the property the instant he became owner; and, consequently, gives them a preference over the plaintiff, claiming under a subsequent vendee.

In this position we concur. A general mortgage operates on all the property of the mortgagor, as well that which he owns at the time of passing the act, as that which he subsequently gets a title to. There is the same reason why a special mortgage on a particular object, should attach to that object, when sub-

sequently acquired by the person who has previously hypothecated it—*Civ. Code,* 456, *art* 28, *Cur phil lib.* 2, *cap.* 3, *hypotecu, no* 4.

Nothing found in the second act, passed between Kimbal and Parkins, enables us to say, that the mortgage, previously given on this slave, was renounced. The parties at the time acted on the idea that it was not valid, by reason of want of title in the mortgagor, but the former act was neither annulled nor avoided, nor any right which it conferred abandoned.

It is, therefore, ordered, adjudged and decreed. that the judgment of the district court be affirmed with costs.

*Thomas* for the plaintiff, *Wilson* for the defendants.